UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Corey Robinson, #326591, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>Kirkland Correctional Institute Warden Bernard McKie; Associate Wardens McCall and Joyner; Major Jackson, et al.,<br><br>Defendants. | ) | C/A No. 3:08-750-HFF-JRM<br><br>Report and Recommendation |

Introduction

The plaintiff, Matthew Corey Robinson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] The plaintiff, on behalf of himself and "all those involved in this matter," claims that the defendants enforce an unconstitutional policy of denying food as a method of discipline, and he claims that the kitchen workers do not wear hairnets and do not use gloves appropriately. Plaintiff seeks $10 million and

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

injunctive relief. The complaint should be dismissed for lack of standing and failure to state a claim upon which relief may be granted.[3]

*Pro Se* Plaintiff Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

---

[3] While the undersigned is mindful of *Jones v. Bock*, 127 S.Ct. 910 (2007), it appears from the face of the complaint that the plaintiff did not file a grievance concerning the claims raised in the complaint. He indicated that "[t]here have been no grievances in the Dorm / Facility condones behavior." (Compl. at 2.) Therefore, he did not exhaust Step One or Step Two of the SCDC grievance process.

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Accordingly, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Discussion</u>

I. <u>Plaintiff's lack of standing.</u>

The plaintiff entitled his caption "Matthew Corey Robinson, et al," and he alleges that,

> Daily I witness several inmates be refused their meals for various reasons. On February 26th 2007 a dozen inmates (or so) were denied their meal for "straggling" in the line. The ofc (name unknown) stated it was too late for them to eat because their dorm was already in the cafeteria.

(Compl. at 3.) The plaintiff alleges that "[t]he Kirkland Correctional Institute refuses to feed inmates as a disciplinary action." *Id.* With respect to this claim, he seeks the following relief: "1) 10 million dollars to be awarded and divided amongst all those involved in this matter. 2) K.C.I. to be forced to change their policies in dening (sic) inmates meals." *Id.* at 4.

It is clear on the face of the complaint that the plaintiff seeks to challenge an alleged policy at Kirkland on behalf of all Kirkland prisoners. However, the *pro se* plaintiff lacks standing to sue on behalf of other prisoners at the Kirkland Correctional Institution. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate). *See also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for *oneself* does not create a similar right to litigate on behalf of others). Accordingly, this action should be dismissed due to the plaintiff's lack of standing to represent others.

Moreover, even if the plaintiff intends to challenge the alleged "denial of food as discipline policy" solely on his own behalf, he does not have standing to bring the claim due to his own lack of injury in fact. To file a lawsuit in federal court, a plaintiff must have Article III standing. There are three essential elements of standing: injury in fact, causation, and a substantial likelihood that the requested relief will remedy the alleged injury in fact. *Fisher v. King*, 232 F.3d 391, 396 n.5 (4th

Cir. 2000). If a prisoner alleges that he is under a constant threat of serious harm to his future health which prison officials are aware of and disregard such a plaintiff may state a § 1983 claim before actual injury occurs. *See Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief.");[4] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (finding that "the question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health...'").

With respect to the plaintiff's injury, the complaint alleges:

> I, Matthew Corey Robinson, the petitioner, was personally denied meals on February 13th 2007 by Major Jackson and February 15th 2007 by Sgt Livingston. On both occasions no explanation would be given to me as to why I was being denied these said meals. There is no alternative meal given for inmates who are denied a meal. The inmate just goes without.

(Compl. at 3.) Taken as true, the plaintiff claims to have missed meals on two days, which could be construed as missing two meals or up to six meals. Even giving the plaintiff the benefit that he

---

[4]At the time *Woodhous* was decided, inmate attacks were evaluated under a negligence standard. Although the negligence standard for § 1983 actions was superannuated by later caselaw, *Woodhous* is still good law on the issue of inmate attacks. *See Gilland v. Owens,* 718 F. Supp. 665 (W.D.Tenn.1989):

> *Woodhous* applies a negligence standard to the conduct of officials in protecting inmates from assault or the threat of assault. While this aspect of *Woodhous* no longer correctly represents the law in this circuit, *see McGhee v. Foltz,* 852 F.2d 876, 881 (6th Cir.1988), its holding that an inmate has a right to be free from constant threat of violence is still an accurate statement of the law.

*Id.* at 686 n.13.

missed six meals, he does not allege any physical or emotional injury in fact or any harm. Further, the plaintiff in this case did not allege any facts that would tend to demonstrate a substantial risk of serious damage to his future health. *See McConnell v. Federal Elec. Comm'n*, 540 U.S. 93, 226 (2003) (noting that "'a threatened injury must be *certainly impending* to constitute injury in fact'"); *Friends of the Earth, Inc. v. Laidlaw Environmental Serv. (TOC)*, 528 U.S. 167, 198 (2000) (noting that for a plaintiff to demonstrate standing at the pleading stage "[g]eneral allegations of injury may suffice..." and that a plaintiff must demonstrate how he personally was harmed and his subjective apprehensions of the threat of injury are not sufficient). *Cf. White v. State of Utah*, 41 Fed. Appx. 325, *available at* 2002 WL 1038767 (10th Cir. 2002) (finding that prisoner's claim attacking stem cell research was properly dismissed for lack of standing); *Martin v. Keitel*, 205 Fed. Appx. 925, *available at* 2006 WL 3006725 (3rd Cir. 2006) (holding that *sua sponte* dismissal of a prisoner's 1983 action was appropriate because even if the defendants violated his rights in the past, the prisoner is not entitled to a declaration to that effect because he failed to "'... allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'"); *Kennedy v. Lake*, 207 Fed. Appx. 900, *available at* 2006 WL 3480400 (10th Cir. 2006) (finding that a prisoner's § 1983 claim was properly dismissed because he suffered no actual harm and therefore lacked standing). Therefore, this action should be dismissed due to the plaintiff's lack of standing to pursue his own case.

II. <u>Failure to state a claim upon which relief may be granted.</u>

Where a prisoner brings a § 1983 prison condition claim based upon the denial of food, the prisoner must allege that he was denied food for a significant period of time. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (finding that denial of adequate food for

significant periods of time, here twelve consecutive days, may be forbidden by the Eighth Amendment). The lack of food for a short period of time which causes no injury does not rise to the level of a constitutional violation. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"); *Talib v. Gilley*, 138 F.3d 211, 213 n.3 (5th Cir. 1998) (finding that missing fifty meals over a five month period was "hardly more than that missed by many working citizens over the same time period" and noting that the plaintiff had not alleged a "continuous and substantial denial of food"). Even giving plaintiff the benefit that he allegedly missed at most six meals over two separate days, this brief time period is insufficient to state a claim upon which relief may be granted.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**The plaintiff's attention is directed to the important notice on the next page.**

s/Joseph R. McCrorey
United States Magistrate Judge

March 18, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).